Robert K. Phillips, Esq. – 135088
Jose J. Pedroza, Esq. – 347834
**PHILLIPS, SPALLAS & ANGSTADT LLP**
560 Mission Street, Suite 1010
San Francisco, California 94105
Tel: (415) 278-9400
Fax: (415) 278-9411
Emails: rphillips@psalaw.net; jpedroza@psalaw.net

Attorneys for Defendant
BEST DEAL FOOD COMP ANY, INC.
d/b/a COST LESS FOOD CO.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKEFELLER PHOTOS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> BEST DEAL FOOD COMP ANY, INC. d/b/a COST LESS FOOD CO., <br><br> Defendant. | Case No. 1:25-CV-00868-EPG <br><br> DEFENDANT BEST DEAL FOOD COMPANY, INC. d/b/a COST LESS FOOD CO.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT ANDA LL PARTIES:**

COMES NOW Defendant BEST DEAL FOOD COMPANY, INC. d/b/a COST LESS FOOD CO. (hereinafter, "Defendant"), by and through their counsel of record, PHILLIPS, SPALLAS & ANGSTADT, LLP, and for no other Defendant and for their Answer to Plaintiff ROCKEFELLER PHOTOS's (hereinafter, "Plaintiff") Complaint ( hereinafter "Complaint") filed on July 16, 2024, states as follows:

### I. THE PARTIES

1. Answering Paragraph 1 of Plaintiff's Complaint on file herein, Defendant admits that it is a limited liability company with principal place of business in Miami-Dade County, Florida.

1  Defendant denies the remaining allegations contained therein.

2. Answering Paragraph 2 of Plaintiff's Complaint on file herein, Defendant admits that it is a corporation with its principal place of business at 102 S. 11th Ave, Hanford, CA 93230 and Defendant's agent for service of process is Shannon Gillum at the same address. Defendant denies the remaining allegations contained therein.

## II.   JURISDICTION AND VENUE

3. Answering Paragraph 3 of Plaintiff's Complaint on file herein, Defendant incorporates by reference all their responses to paragraphs 1 to 2 as though fully set forth herein. Defendant denies they have violated either 28 U.S.C. §1331 and 1338(a) but admits that the Court has subject matter jurisdiction over alleged violations of same.

4. Answering Paragraph 4 of Plaintiff's Complaint on file herein, Defendant lacks sufficient knowledge or information upon which to form a basis or belief and therefore denies that this Court has personal jurisdiction over Defendant and denies that Defendant has sufficient minimum contacts with this forum to support jurisdiction. Defendant denies the remaining allegations contained therein.

5. Answering Paragraph 5 of Plaintiff's Complaint on file herein, the allegations state a legal conclusion, and as such require no response from Defendant. However, to the extent an answer is required, Defendant denies that Plaintiff suffered damages and admits that venue is proper in the United States District Court, for the Eastern District of California, pursuant to 28 U.S.C. §1391(b)(2). Defendant lacks sufficient knowledge or information upon which to form a basis of belief, and therefore denies that Defendant or its agents reside or may be found in this district.

## III.   FACTS

6. Answering Paragraph 6 of Plaintiff's Complaint on file therein, Defendant incorporates by reference all their responses to paragraphs 1 through 5 as though fully set forth herein. Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therefore, denies same.

7. Answering Paragraph 7 of Plaintiff's Complaint on file therein, Defendant lacks sufficient

1  knowledge or information upon which to base a belief as to the truth or falsity of the
2  allegations contained therein and therein, denies same.
3  8. Answering Paragraph 8 of Plaintiff's Complaint on file therein, Defendant lacks sufficient
4  knowledge or information upon which to base a belief as to the truth or falsity of the
5  allegations contained therein and therein, denies same.
6  9. Answering Paragraph 9 of Plaintiff's Complaint on file therein, Defendant lacks sufficient
7  knowledge or information upon which to base a belief as to the truth or falsity of the
8  allegations contained therein and therein, denies same.
9  10. Answering Paragraph 10 of Plaintiff's Complaint on file therein, Defendant lacks sufficient
10  knowledge or information upon which to base a belief as to the truth or falsity of the
11  allegations contained therein and therein, denies same.
12  11. Answering Paragraph 11 of Plaintiff's Complaint on file therein, Defendant lacks sufficient
13  knowledge or information upon which to base a belief as to the truth or falsity of the
14  allegations contained therein and therein, denies same.
15  12. Answering Paragraph 12 of Plaintiff's Complaint on file therein, Defendant admits the
16  allegations contained therein.
17  13. Answering Paragraph 13 of Plaintiff's Complaint on file therein, Defendant admits the
18  allegations contained therein.
19  14. Answering Paragraph 14 of Plaintiff's Complaint on file therein, Defendant lacks sufficient
20  knowledge or information upon which to base a belief as to the truth or falsity of the
21  allegations contained therein and therein, denies same.
22  15. Answering Paragraph 15 of Plaintiff's Complaint on file therein, Defendant lacks sufficient
23  knowledge or information upon which to base a belief as to the truth or falsity of the
24  allegations contained therein and therein, denies same.
25  16. Answering Paragraph 16 of Plaintiff's Complaint on file therein, Defendant denies the
26  allegations contained therein.
27  17. Answering Paragraph 17 of Plaintiff's Complaint on file therein, Defendant denies the
28  allegations contained therein.

**STIPULATION GRANTING DEFENDANT AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING**

18. Answering Paragraph 18 of Plaintiff's Complaint on file therein, Defendant denies the allegations contained therein.

19. Answering Paragraph 19 of Plaintiff's Complaint on file therein, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therein, denies same.

20. Answering Paragraph 20 of Plaintiff's Complaint on file herein, the allegations state a legal conclusion, and as such require no response from Defendant. However, to the extent an answer is required, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therein, denies same.

### IV.    COUNT I- COPYRIGHT INFRINGEMENT

21. Answering Paragraph 21 of Plaintiff's Complaint on file herein, Defendant incorporates by this reference all of their responses for paragraphs 1 to 20, as though fully set forth herein.

22. Answering Paragraph 22 of Plaintiff's Complaint on file herein, the allegations state a legal conclusion, and as such require no response from Defendant. However, to the extent an answer is required, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therein, denies same.

23. Answering Paragraph 23 of Plaintiff's Complaint on file herein, the allegations state a legal conclusion, and as such require no response from Defendant. However, to the extent an answer is required, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therein, denies same.

24. Answering Paragraph 24 of Plaintiff's Complaint on file herein, the allegations state a legal conclusion, and as such require no response from Defendant. However, to the extent an answer is required, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therein, denies same.

25. Answering Paragraph 25 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

26. Answering Paragraph 26 of Plaintiff's Complaint on file therein, Defendant denies the allegations contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint on file therein, Defendant denies the allegations contained therein.

28. Answering Paragraph 28 of Plaintiff's Complaint on file herein, the allegations state a legal conclusion, and as such require no response from Defendant. However, to the extent an answer is required, Defendant denies the allegations contained therein.

29. Answering Paragraph 29 of Plaintiff's Complaint on file herein, the allegations state a legal conclusion, and as such require no response from Defendant. However, to the extent an answer is required, Defendant denies the allegations contained therein.

30. Answering Paragraph 30 of Plaintiff's Complaint on file therein, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therein, denies same.

31. Answering Paragraph 31 of Plaintiff's Complaint on file therein, the allegations state a legal conclusion or statement of law, and as such require no response from Defendant. However, to the extent an answer is required, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therein, denies same.

32. Answering Paragraph 32 of Plaintiff's Complaint on file therein, the allegations state a legal conclusion or statement of law, and as such require no response from Defendant. However, to the extent an answer is required, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therein, denies same.

33. Answering Paragraph 31 of Plaintiff's Complaint on file therein, the allegations state a legal conclusion or statement of law, and as such require no response from Defendant. However, to the extent an answer is required, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therein, denies same.

34. Answering Paragraph 31 of Plaintiff's Complaint on file therein, the allegations state a legal conclusion or statement of law, and as such require no response from Defendant. However,

**STIPULATION GRANTING DEFENDANT AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING**

to the extent an answer is required, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therein, denies same.

## V. AFFIRMATIVE DEFENSES

As separate affirmative defense to Plaintiff's Complaint, and the whole thereof, Defendant incorporates by reference all their responses to paragraph 1 through 34 as though fully set forth herein, and further asserts as follows:

35. AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's Complaint and each cause of action thereof fail to state facts sufficient to state a cause of action against the answering Defendant upon which relief can be granted.

36. AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's Complaint and each claim contained in it are time-barred by the applicable statute of limitations.

37. AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's Complaint and each claim for relief contained in it are barred by the doctrine of waiver.

38. AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's Complaint and each claim for relief are barred or reduced because Defendant was justified in engaging in conduct, if any alleged in the Complaint.

39. AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that to the extent any use of Plaintiff's alleged Work occurred, such use was authorized, licensed, or consented to by Plaintiff or its agents.

40. AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that at all times relevant to the Complaint, Defendant's conduct was in good faith with no willful intent.

41. AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

this answering Defendant alleges Defendant is informed and believes, and on that basis alleges that the Complaint is barred, in whole or in part, because Plaintiff has not suffered any losses, damages, or detriment, in any sum or amount whatever, as a result of Defendant's activities alleged in the Complaint.

42. AS AND FOR A EIGTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges Defendant is informed and believes, and on that basis alleges that the Complaint is barred, in whole or in part, because Plaintiff lacks standing to bring the claims alleged in the Complaint.

43. AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges Defendant is informed and believes, and on that basis alleges that the Complaint is barred, in whole or in part, because to the extent Plaintiff has suffered any losses, damages or detriments, in any sum or amount whatever, such harm was caused by the intentional or negligent acts, omissions or misconduct of others, including Plaintiff and their agents.

44. AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges Defendant is informed and believes, and on that basis alleges that the Complaint is barred, in whole or in part, because to the extent Plaintiff has suffered any losses, damages or detriments, in any sum or amount whatever, such harm was caused by the intentional or negligent acts, omissions or misconduct of others, including independent third-parties, over whom Defendant exercised no control and from whose acts Defendant did not benefit.

45. AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges Defendant is informed and believes, and on that basis alleges that the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

46. AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges Defendant is informed and believes, and on that basis alleges that the Complaint is barred, in whole or in part, by the doctrine of laches.

47. AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

DEFENSE, this answering Defendant alleges Defendant is not liable for Plaintiff's actual damages because Plaintiff has not suffered any actual damages on account of Defendant's alleged us of the Work.

48. AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges Plaintiff is barred from any recovery to the extent that they failed to take reasonable and necessary steps to mitigate damages and protect their interests.

49. AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges Defendant is informed and believes, and on that basis alleges that the damages alleged in the Complaint are impermissibly remote and speculative and therefore, Plaintiff is barred from the recovery of any such damages against Defendant in this action.

50. AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges Defendant is informed and believes, and on that basis alleges that Defendant is not liable to Plaintiff for statutory damages because Defendant has not infringed Plaintiff's registered copyright.

51. AS AND FOR A SEVENTEENETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges Defendant is informed and believes, and on that basis alleges that Plaintiff's claims for statutory damages under 17 U.S.C. §504(c) and an award of attorneys' fees and costs against Defendant are barred because Plaintiff have no basis in fact or law, to support their allegation that Defendant did not willfully infringe Plaintiff's copyright.

52. AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that to the extent the Complaint alleges a claim or claims for equitable relief, Plaintiff has an adequate remedy at law.

53. AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that to the extent the Complaint is barred because Plaintiff has not been injured at all as a result of Defendant's conduct.

**STIPULATION GRANTING DEFENDANT AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING**

54. AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Defendant is absolved from any and all liability for the wrongs alleged in the Complaint by reason of its full compliance with all statutes, regulations, or other provisions in effect at the time of the conduct alleged in the Complaint.

55. AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff executed a valid and enforceable agreement authorizing and consenting to the alleged conduct of Defendant on which the claims are based.

56. AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's claims are barred, in whole or in part, by license of the doctrine of implied licenses because Plaintiff impliedly and explicitly, directly and indirectly, licensed the Work image to Defendant.

57. AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's claims are barred, in whole or in part, by license of the doctrine of implied licenses because Plaintiff impliedly and explicitly, directly and indirectly, licensed the Work image to Defendant.

58. AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's claims are barred, in whole or in part, by license of the doctrine of implied licenses because Plaintiff impliedly and explicitly, directly and indirectly, authorized, consented to, or acquiesced to Defendant's allegedly infringing use of the Work.

59. AS AND FOR A TENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's claims are barred as Plaintiff has engaged in inappropriate conduct in enforcing

60. AS AND FOR A TENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant reserves the right to allege additional affirmative defenses as they become known during discovery, and to amend its Answer accordingly.

**STIPULATION GRANTING DEFENDANT AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING**

WHEREFORE, this answering Defendant prays for judgment against Plaintiff as follows:

1. For Dismissal of this action with prejudice;
2. For attorneys' fees, case costs, and expert witness fees incurred in defense of this action; and
3. For such other, further relief, as this Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Defendant BEST DEAL FOOD COMPANY, INC. hereby demands a jury trial on all claims lodged by Plaintiff.

Dated: September 24, 2025               **PHILLIPS, SPALLAS & ANGSTADT LLP**

By: _____
Robert K. Phillips
Jose J. Pedroza, Esq
*Attorneys for Defendant*
BEST DEAL FOOD COMPANY, INC.
d/b/a COST LESS FOOD CO.

**STIPULATION GRANTING DEFENDANT AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING**

**CERTIFICATE OF SERVICE**
*Rockefeller Photos, LLC. v. Best Deal Food Company dba Cost Less Food Co.*
U.S. District Court Eastern District of California Case No.: 1:25-CV-00868-EPG

I am employed in the County of San Francisco, State of California. I am over the age of 18 and am not a party to the within action. My business address is at PHILLIPS, SPALLAS & ANGSTADT LLP, 560 Mission Street, San Francisco, CA 94105, telephone number (415) 278-9400.

On **September 24, 2025,** I served the foregoing document(s) described as:

**DEFENDANT BEST DEAL FOOD COMPANY, INC. d/b/a COST LESS FOOD CO.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

on all other parties and/ or their attorney(s) of record to this action as follows:

**Meghan Medacier, Esq.**
**Lauren Hausman, Esq.**
**CopyCat Legal PLLC**
3111 North University Drive, Suite 301
Coral Springs, FL 33065
meghan@copycatlegal.com
lauren@copycatlegal.com
tia@copycatlegal.com

| | |
|---|---|
| [ ] | **BY MAIL SERVICE:** by placing such envelopes for collection and to be mailed on this date following ordinary business practices. |
| [ ] | **By FACSIMILE:** By faxing a copy of the above-referenced document(s) to the addressee at the number set forth beneath their above-listed address. At the completion of the transmission, a Transmission Report was generated, confirming transmission and receipt by the address(es). |
| [X] | **By E-MAIL:** based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, an electronic message or other indication that the transmission was unsuccessful. |
| [ ] | **By PERSONAL DELIVERY:** By personally delivering a true copy thereof to the person(s) and at the address(es) set forth below. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **September 24, 2025**, at San Francisco, California.

*/s/ Susan Bryan*
Susan Bryan
