1  Robert K. Phillips, Esq. – 135088
   Jose J. Pedroza, Esq. --347834
2  **PHILLIPS, SPALLAS & ANGSTADT LLP**
   560 Mission Street, Suite 1010
3  San Francisco, California 94105
   Tel:  (415) 278-9400
4  Fax:  (415) 278-9411
   Email: rphillips@psalaw.net; jpedroza@psalaw.net
5
6  Attorneys for Defendant
   BEST DEAL FOOD COMP ANY, INC.
7  d/b/a COST LESS FOOD CO.

8
             **IN THE UNITED STATES DISTRICT COURT**
9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 ROCKEFELLER PHOTOS, LLC.,                    Case No. 1:25-CV-00868-JLT-EPG

12           Plaintiff,                         Assigned to District Judge Jennifer L.
        v.                                      Thurston and Magistrate Judge Erica P.
13                                              Grosjean
   BEST DEAL FOOD COMP ANY, INC.
14 d/b/a COST LESS FOOD CO.,                    THIRD-PARTY PLAINTIFF/DEFENDANT
                                                BEST DEAL FOOD COMPANY, INC. d/b/a
15           Defendant.                         COST LESS FOOD CO.'S THIRD PARTY
                                                COMPLAINT AGAINST THIRD-PARTY
16                                              DEFENDANT AMADOR LEDGER
                                                DISPATCH and ROES 1-100, inclusive.
17

18

19 BEST DEAL FOOD COMPANY, INC. d/b/a/
   COST LESS FOOD CO.,
20
             Third-Party Plaintiffs,
21
        v.
22
   AMADOR LEDGER DISPATCH and ROES 1-
23 100, inclusive.

24           Third-Party Defendant.

25

26
        Third-Party Plaintiff BEST DEAL FOOD COMPANY, INC. d/b/a/ COST LESS FOOD CO.
27
   (hereinafter, "Third-Party Plaintiff") bring this third-party complaint against Third-Party Defendant

28
                                              - 1 -

Amador Ledger Dispatch and ROES 1-100, inclusive.

## I.    THE PARTIES

1. Third-Party Plaintiff/Defendant Best Deal Food Company d/b/a Cost Less Food Co. is a corporation organized under the laws of the State of California with its principal place of business at 102 S. 11th Ave., Hanford, CA 93230.

2. Third-Party Defendant Amador Ledger Dispatch and ROES 1-100 is an unknown entity in California with its principal office located in Jackson, California.

## II.    JURISDICTION AND VENUE

3. This Court has ancillary jurisdiction over Third-Party Plaintiff BEST DEAL's claims for relief pursuant to 28 U.S.C. § 1367(a) because it has original subject matter jurisdiction over this action, and the third-party claims are so related to the claims in the underlying action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this district pursuant to Federal Rule of Civil Procedure 14 because venue of the underlying action is proper in this judicial district.

## III.    FACTS

5. This action arises from claims for damages brought by Rockefeller Photos against Defendant/ Third-Party Plaintiff Best Deal which claims are set forth in Plaintiff Rockefeller Photos' Complaint for copyright infringement.

6. Third-Party Plaintiff /Defendant Best Deal owns and operates nine grocery stores in California.

7. Plaintiff Rockefeller Photos alleges that a professional photographer employed by them created a photo titled "Pineapples0308,07-21-1994" (hereinafter, "the Work").

8. Plaintiff Rockefeller Photos alleges that the Work was registered with the Register of Copyrights on November 26, 2016, and was assigned Registration No. VA 2-022-966.

9. Plaintiff Rockefeller Photo alleges that Third-Party Plaintiff/Defendant Best Deal are liable for copyright infringement in violation of Copyright Act, 17 U.S.C. §501.

10. Specifically, Plaintiff Rockefeller Photos alleges that on November 19, 2024, Third-Party Plaintiff/Defendant Best Deal displayed and/or published the Work on its website, webpage, social media, and/or print media as a means of advertising, promoting and/or marketing its business and that Third-Party Plaintiff/Defendant Best Deal was not licensed to use or display the Work.

11. Third-Party Plaintiff/Defendant Best Deal collaborates with Third-Party Defendant Amador Ledger Dispatch in the preparation, design, and dissemination of the Third-Party Plaintiff/Defendant Best Deal's grocery store advertising materials, including newsprint.

12. Third-Party Defendant Amador Ledger Dispatch and Third-Party Plaintiff/Defendant Best Deal coordinate on content, formatting, and placement of such advertisements. This coordination includes Third-Party Plaintiff/Defendant Best Deal identifying promotional content and Third-Party Defendant Amador Ledger Dispatch creating advertisements which they display/publish in their newspaper and for dissemination by Third-Party Plaintiff/Defendant Best Deal.

13. Through this course of dealing, Third-Party Defendant Amador Ledger Dispatch materially participates in the creation and publication of the advertisements for Third-Party Plaintiff/Defendant Best Deal, including the one at issue in Plaintiff Rockefeller Photos' complaint which allegedly included the unlicensed use of the Work.

14. But for Third-Party Defendant Amador Ledger Dispatch's work product and advice, Third-Party Plaintiff/Defendant Best Deal would not have used the Work, claimed by Plaintiff Rockefeller Photos.

15. To the extent, Plaintiff Rockefeller Photos claims arise from or relate to the content, form, or distribution of such advertisements, including the Work, Third-Party Defendant Amador Ledger Dispatch is liable in whole or in part for the damages alleged.

## IV.    FIRST CLAIM FOR RELIEF

(Equitable/Implied Indemnity Against Ledger Dispatch and Roes 1-100, inclusive)

16. Third-Party Plaintiff/Defendant Best Deal realleges and incorporates by reference Paragraph

1 through 15 above as though fully set forth herein.

17. Without admitting the allegations contained in Plaintiff Rockefeller Photos' Complaint, Third-Party Plaintiff/Defendant Best Deal allege that if they are found liable to Plaintiff Rockefeller Photos, or pay any amount by way of settlement, judgment, or otherwise, for all or any portion of the damages that Plaintiff Rockefeller Photo seeks from Third-Party Plaintiff/Defendant Best Deal in the Complaint, such damages were caused in whole or in part by the acts, omissions, negligence, or other fault of Third-Party Defendant Amador Ledger Dispatch whose conduct was primary and active.

18. To the extent that Plaintiff Rockefeller Photos sustained any damages as alleged for use of the Work, such damages were caused, contributed to or were the responsibility of Third-Party Amador Ledger Dispatch, through its creation, design, formatting, and dissemination of the advertising materials including the Work, at issue.

19. If Third-Party Plaintiff/Defendant Best Deal is held responsible to Plaintiff Rockefeller Photos for damages as alleged in Plaintiff's Complaint, it will be solely due to the conduct of Third-Party Defendant Amador Ledger Dispatch, and not Third-Party Plaintiff/Defendant Best Deal. Therefore, Third-Party Plaintiff/Defendant Best Deal is entitled to complete indemnification by Third-Party Defendant Amador Ledger Dispatch, for any sum or sums for which Third-Party Plaintiff/Defendant Best Deal may be adjudicated liable to Plaintiff Rockefeller Photos, with cost of defense, cost of suit, and reasonable attorneys' fees incurred therefrom should such liability arise.

## V.   <u>SECOND CLAIM FOR RELIEF</u>

(Comparative Indemnity and Declaratory Relief against Amador Ledger Dispatch and Roes 1-110, inclusive)

20. Third-Party Plaintiff/Defendant Best Deal realleges and incorporates by reference Paragraph 1 through 19 above as though fully set forth herein.

21. In the event the trier of fact determines that Third-Party Plaintiff/Defendant Best Deal is liable to Plaintiff Rockefeller Photos for any damages, principles of comparative indemnity

require that such damages be apportioned between Third-Party Plaintiff/Defendant Best Deal and Third-Party Defendant Amador Ledger Dispatch in proportion to their respective degrees of fault, if any.

WHEREFORE, this Third-Party Plaintiff/Defendant Best Deal prays for judgment against Third-Party Defendant Amador Ledger Dispatch as follows:

1. For compensatory damages according to proof;

2. For total and complete indemnity for any judgment(s) rendered against Third-Party Plaintiff/Defendant Best Deal in favor of Plaintiff Rockefeller Photos, or for any settlement paid by Third-Party Plaintiff/Defendant Best Deal to Rockefeller Photos, pursuant to Plaintiff Rockefeller Photos Complaint;

3. For a judicial determination that Third-Party Defendant Amador Ledger Dispatch was the legal cause of any damages sustained by Plaintiff Rockefeller photos and that Third-Party Defendant Amador Ledger Dispatch is obligated to indemnify Third-Party Plaintiff Best Deal, either completely or partially, for any sums of money which may be recovered against Third-Party Plaintiff/Defendant Best Deal by Plaintiff Rockefeller Photos;

4. For Third-Party Plaintiff/Defendant Best Deal attorneys' fees incurred herein, including but not limited to attorneys' fees they have been required and will be required to expend in order to defend themselves from Plaintiff Rockefeller Photos' claims and to prosecute the Third-Party Complaint;

5. For litigation costs incurred herein by Third-Party Plaintiff/Defendant Best Deal, including but not limited to litigation costs they have been required and will be required to expend in order to defend themselves from Plaintiff Rockefeller Photos' claims and to prosecute the Third-Party Complaint.

6. For such other, further relief, as this Court may deem proper.

DEFENDANT BEST DEAL FOOD COMPANY, INC. d/b/a COST LESS FOOD CO.'S THIRD PARTY COMPLAINT AGAINST AMADOR LEDGER DISPATCH and ROES 1-100, inclusive.

1

<u>**DEMAND FOR JURY TRIAL**</u>

2

Defendant/Third-Party Plaintiff BEST DEAL FOOD COMPANY, INC. hereby demands a jury

3

trial on all claims lodged against the Third Party-Defendant Amador Ledger Dispatch and ROES 1-

4

100, inclusive.

5

6

Dated:  October 8, 2025                                    **PHILLIPS, SPALLAS & ANGSTADT LLP**

7

8

9

By:  _____

Jose J. Pedroza

10

Robert K. Phillips

*Attorneys for Defendant/Third-Party Plaintiff*

11

BEST DEAL FOOD COMPANY, INC.

d/b/a COST LESS FOOD CO.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BEST DEAL FOOD COMPANY, INC. d/b/a COST LESS FOOD CO.'S THIRD PARTY COMPLAINT AGAINST
AMADOR LEDGER DISPATCH and ROES 1-100, inclusive.

CERTIFICATE OF SERVICE
*Rockefeller Photos, LLC. v. Best Deal Food Company dba Cost Less Food Co.*
U.S. District Court Eastern District of California Case No.: 1:25-CV-00868-EPG

I am employed in the County of San Francisco, State of California. I am over the age of 18 and am not a party to the within action. My business address is at PHILLIPS, SPALLAS & ANGSTADT LLP, 560 Mission Street, San Francisco, CA 94105, telephone number (415) 278-9400.

On **October 8, 2025,** I served the foregoing document(s) described as:

**THIRD-PARTY PLAINTIFF/DEFENDANT BEST DEAL FOOD COMPANY, INC. d/b/a COST LESS FOOD CO.'S THIRD PARTY COMPLAINT AGAINST THIRD-PARTY DEFENDANT AMADOR LEDGER DISPATCH and ROES 1-100, inclusive.**

on all other parties and/ or their attorney(s) of record to this action as follows:

**Meghan Medacier, Esq.**
**Lauren Hausman, Esq.**
**CopyCat Legal PLLC**
3111 North University Drive, Suite 301
Coral Springs, FL 33065
meghan@copycatlegal.com
lauren@copycatlegal.com
tia@copycatlegal.com

| | |
|---|---|
| [   ] | **BY MAIL SERVICE:** by placing such envelopes for collection and to be mailed on this date following ordinary business practices. |
| [   ] | **By FACSIMILE:** By faxing a copy of the above-referenced document(s) to the addressee at the number set forth beneath their above-listed address. At the completion of the transmission, a Transmission Report was generated, confirming transmission and receipt by the address(es). |
| [X] | **By E-MAIL:** based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, an electronic message or other indication that the transmission was unsuccessful. |
| [   ] | **By PERSONAL DELIVERY:** By personally delivering a true copy thereof to the person(s) and at the address(es) set forth below. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **October 8, 2025,** at San Francisco, California.

_____
Susan Bryan

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Rockefeller Photos, LLC. v. Best Deal Food Company dba Cost Less Food Co.*
*U.S. District Court Eastern District of California Case No.: 1:25-CV-00868-EPG*